UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| PATTI J. PINSDORF | * | CIVIL ACTION |
| VERSUS | * | No. 18-14315 |
| BP EXPLORATION & PRODUCTION, INC., ET AL. | * | SECTION J(2) |
| | * | |
| Related to: 12-968 BELO in MDL 10-2179 | * | |

## ORDER & REASONS
### [Accepting Magistrate Judge's Report and Recommendation]

Before the Court is the Magistrate Judge's Report and Recommendation (Rec. Doc. 9), which recommends that the Court grant BP's motion (Rec. Doc. 4) and dismiss with prejudice Plaintiff's Back-End Litigation Option ("BELO") complaint as untimely. Plaintiff filed an objection (Rec. Doc. 10) to the Report and Recommendation, and BP responded (Rec. Doc. 11). The Court has considered the Report and Recommendation *de novo*. *See* Fed. R. Civ. P. 72(b)(3).[1]

The Deepwater Horizon Medical Benefits Class Action Settlement Agreement ("Medical Settlement," Rec. Doc. 6427-1 in No. 10-md-2179) permits a class member to file a BELO lawsuit for a Later-Manifested Physical Condition.[2] (*See generally* Medical Settlement § VIII.). However, a BELO lawsuit must be filed "in accordance with the provisions of Section VIII.G" of the Medical Settlement. (*Id.* § VIII.C.2; *see also id.* §§

---

[1] BP contends that the standard of review is clearly erroneous, as opposed to *de novo*, when the objector merely re-urges the same legal arguments presented to the Magistrate Judge, as Plaintiff has done here. (*See* Rec. Doc. 11 at 5-6 & n.21). Because the outcome would be the same regardless of which standard is applied, the Court does not address this argument and simply applies the standard most favorable to Plaintiff in this instance, *de novo*.

[2] Many of the capitalized terms used herein are defined in the Medical Settlement.

VIII.G.1.a.). Relevant here is the Medical Settlement's requirement that "[a]ny [BELO] Lawsuit . . . must be filed within 6 months of . . . notice by the Claims Administrator to the Medical Benefits Settlement Class Member of the election of all BP defendants named in the Notice of Intent to Sue not to mediate . . . ." (*Id.* § VIII.G.1.b.). As the Magistrate Judge correctly pointed out, this 6-month deadline "is not a mere case management tool, but is required by the court-approved Medical Settlement Agreement and is not subject to alteration." (Rec. Doc. 9 at 6). Indeed, the Medical Settlement explicitly states that a class member's claim for a Later-Manifested Physical Condition is "released and forever discharged" if the class member "fails timely and properly to file [the BELO lawsuit] . . . as provided in Section VIII.G.1.b." (Medical Settlement § XVI.B.2; *see also id.* § VIII.G.3.7-8).

The parties agree that the Claims Administrator's notice issued on June 22, 2018, making December 22, 2018 the deadline for Plaintiff to file her BELO case. Plaintiff concedes that her BELO complaint was filed on January 2, 2019, eleven days after the December 22nd deadline. (Rec. Doc. 10 at 2). Therefore, Plaintiff's BELO complaint is untimely and shall be dismissed with prejudice.

Accordingly,

IT IS ORDERED that Plaintiff's objections (Rec. Doc. 10) to the Magistrate Judge's Report and Recommendation (Rec. Doc. 9) are OVERRULED, and the Court ACCEPTS the recommended disposition.

IT IS FURTHER ORDERED that BP's Motion to Dismiss (Rec. Doc. 4) is GRANTED.

IT IS FURTHER ORDERED that Plaintiff's Complaint (Rec. Doc. 1) is DISMISSED with prejudice.

New Orleans, Louisiana, this 9th day of April, 2019.

_____
United States District Judge